**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1063
_____

JANET SLOAN,
     Appellant

v.

SLOAN CONSTRUCTION COMPANY; LEON SLOAN, SR.; SARA SLOAN, jointly
and severally

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:23-cv-01771)
District Judge: Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2025

_____

Before: HARDIMAN, KRAUSE, and CHUNG, Circuit Judges

(Filed: September 16, 2025)
_____

OPINION[*]
_____

CHUNG, Circuit Judge.

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Janet Sloan ("Sloan") argues that the District Court abused its discretion in dismissing her case for failure to prosecute. We agree and will vacate and remand.

I.　　BACKGROUND[1]

Sloan worked for Sloan Construction Company, which is co-owned by her father and sister (collectively, "Defendants"). Sloan sued the Defendants, alleging violations of federal and state labor laws, breach of contract, and unjust enrichment.

Sloan served the Defendants, but they did not respond. Sloan did not take further action, and the District Court entered an order directing Sloan to show cause why the case should not be dismissed for failure to prosecute. Sloan's counsel explained that he mistakenly gave the Defendants an extension of time to respond to the complaint beyond that allowed by Federal Rule of Civil Procedure 4(d). The Court extended the Defendants' time to respond, and they again failed to do so. Once more, Sloan did not take any further action, and the Court entered an order directing Sloan to show cause why the case should not be dismissed for failure to prosecute. Sloan's counsel did not respond by the Court's two-day deadline, and one week after the entry of its order, the Court dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Sloan appealed and we vacated and remanded because the District Court failed to make findings related to each of the required factors under Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). See Sloan v. Sloan Constr. Co., No. 24-1901, 2024 WL 5049114, at *2 (3d Cir. Dec. 5, 2024). On remand, the District Court amended

---

[1]　　Because we write for the parties, we recite only the facts pertinent to our decision.

its order to address the Poulis factors and again dismissed the case. Sloan appealed. We will vacate and remand.

II.    DISCUSSION[2]

A district court abuses its discretion in dismissing an action for failure to prosecute when "it fails to properly consider and balance" the Poulis factors. Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (quoting Poulis, 747 F.2d at 868). The assessment of the factors must be supported by the record. Id. Not all factors need to be satisfied, and no factor is dispositive. Id. The District Court found that all but the sixth factor supported dismissal.

In reviewing the District Court's decision, we must keep in mind that "dismissal with prejudice [i]s an 'extreme' sanction," id. (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)), and it should be imposed only as a "last, not first, resort," id. (quoting Poulis, 747 F.2d at 869). District courts should evaluate the Poulis factors with a view towards the "strong policy favoring decisions on the merits." Hildebrand, 923 F.3d at 132. "If the case is close, 'doubts should be resolved in favor of

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to dismiss a case for failure to prosecute for abuse of discretion. Hildebrand v. Allegheny Cnty., 923 F.3d 128, 131 (3d Cir. 2019).

3

reaching a decision on the merits.'" Id. (quoting Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)).

The District Court abused its discretion by failing to properly consider and balance all six Poulis factors.

The first factor, personal responsibility, requires the District Court to distinguish between Sloan and her counsel in assessing responsibility for the failure to prosecute. Id. at 133–34. Here, the District Court simply stated, without analysis, that "the blame to comply with this Court's orders or move the case along rests squarely on Plaintiff" and cited its prior show cause orders. App. 3. Because the District Court did not analyze whether Sloan herself was personally responsible for the delay, it failed to properly consider this factor. Hildebrand, 923 F.3d at 132.

The District Court also failed to properly assess the second factor, prejudice, per guidance from this Court. Examples of prejudice under this factor include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice "also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). The District Court stated that the defendants were prejudiced because being "subjected to Plaintiff's repeated delays and

inaction keeps the party in a state of limbo."[3]  App. 4.  This is not analogous to the kinds of prejudice this Court has found weighs in favor of dismissal under Poulis.  See Adams, 29 F.3d at 867, 875 (over four-year delay was not necessarily prejudicial).  The record does not reflect that the Defendants were forced to file motions to compel responses from Sloan.  See Poulis, 747 F.2d at 868.  Nor were they unable to prepare for trial because of the delays.  See Hildebrand, 923 F.3d at 134.  In any event, a "state of limbo" does not show that Defendants were prejudiced, see, e.g., Scarborough, 747 F.2d at 876–77, and the District Court failed to properly consider this factor.

On the third factor, the District Court failed to properly exercise its discretion when it analyzed whether there was "a history of dilatoriness" in this case.  Hildebrand, 923 F.3d at 135.  Normally, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness."  Id. (cleaned up).  Here, Sloan failed to timely respond to only one show cause order within the two-day deadline, nor did Sloan respond within a week, at which time the District Court dismissed Sloan's case.  That does not constitute the type of "extensive" delay that we have found rises to the level of dilatoriness.  Id.  Sloan's two-month delay in filing for default judgment after Defendants failed to respond by the extended deadline is similarly inconsistent with conduct that we have found "create[s] a history of dilatoriness."  Id.; see also Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994).  As the District

---

[3]　　The District Court also discussed potential prejudice to the courts.  This factor, however, is concerned with "prejudice *to the adversary*."  Hildebrand, 923 F.3d at 132 (emphasis added) (quoting Poulis, 747 F.2d at 868).

5

Court did not explain how it found this factor weighed in favor of dismissal, it abused its discretion.

Turning to the fourth factor, willfulness, the District Court stated that Sloan's delay and failure to comply with the order to show cause "*suggests* a history of dilatoriness, *if not* willfulness." App. 3 (emphasis added). This statement does not amount to an assessment of willfulness, see Poulis, 747 F.2d at 868, which must be considered with an eye towards "intentional or self-serving behavior." Hildebrand, 923 F.3d at 135 (quoting Adams, 29 F.3d at 875). The District Court did not address these considerations and we see no evidence that Sloan's delays were "self-serving behavior" or part of "bad-faith tactic[s]." Id. If anything, there is evidence that Sloan's counsel demonstrated good faith and admitted that mistakes caused the first delay. The District Court thus abused its discretion in analyzing willfulness.

On the fifth factor, alternative sanctions, the District Court's entire evaluation was that "the Court finds no other sanction other than dismissing Plaintiff's case with prejudice will be effective 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" App. 4 (quotation omitted). Again, Hildebrand is instructive. There, we explained that "'[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency,' as is the case here," Hildebrand, 923 F.3d at 136 (quoting Poulis, 747 F.2d at 866), and further stated that assessing this factor "entails an *analysis* of alternative sanctions," id. at 132 (emphasis added) (quoting Poulis, 747 F.2d at 868). Because the District Court's order lacked any

such analysis, it abused its discretion in weighing this factor in favor of dismissal.

On the sixth factor, the District Court assumed that Sloan's claim was meritorious. Poulis requires a more fulsome examination of the merits of the plaintiff's claims, however. See Hildebrand, 923 F.3d at 137; see also Sloan, 2024 WL 5049114, at *2 (remanding "for the District Court to make findings as to the Poulis factors"). Therefore, the District Court abused its discretion here, too.

III.    CONCLUSION

For the foregoing reasons, we will vacate and remand for further consideration of the Poulis factors.